PROB 12C
(06/17)

August 21, 2017
pacts id: 215797

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Edgar Gabriel Tovar-Zamora (Spanish)   **Dkt No.:** 08CR03627-001-W

**Reg. No.:** 04531-298

**Name of Sentencing Judicial Officer:** The Honorable Thomas J. Whelan, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of a Controlled Substance (Methamphetamine), a Class A felony.

**Date of Sentence:** October 27, 2009

**Sentence:** 120 months' custody, 5 years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** September 7, 2016

**Asst. U.S. Atty.:** Carlos Arguello   **Defense Counsel:** Keith H. Rutman
(Appointed)
619-237-9072

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB12(C)

Name of Offender: Edgar Gabriel Tovar-Zamora
Docket No.: 08CR03627-001-W

August 21, 2017
Page 2

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)* | 1. Mr. Tovar-Zamora (hereinafter Tovar) used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on October 28, 2016, and November 15, 2016, which confirmed positive for methamphetamine. ✓ |
|  | 2. Mr. Tovar failed to comply with testing requirements, in that he failed to submit a urine sample at the United States Probation Office, as required, on May 12, 2017, June 22, 2017, and August 14, 2017, as directed. ✓ |
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)* | 3. Mr. Tovar failed to comply with testing requirements, in that he failed to call the automated drug testing recording on May 29, July 20, July 21, and August 10, 2017, as directed. ✓ |

***Grounds for Revocation:*** As to allegation one, I received and reviewed the written laboratory notifications from Alere Toxicology Services, which verified the urine specimens provided by the offender on the above-cited dates confirmed positive for methamphetamine. On November 4, 2016, the offender would admit he used marijuana on October 26, 2016. As for the second positive drug test, the offender on November 23, 2016, admitted he used methamphetamine on November 14, 2016.

As to allegation two and three, on September 14, 2016, the probation officer reviewed the written instructions for drug testing with Mr. Tovar, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Tovar was directed to call the testing line daily and report for drug testing when required to do so by the automated testing line recording. I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that Mr. Tovar failed to submit a drug test on the above-noted dates, as required.

As to allegation three, I have received and reviewed the offender's computerized call log, which reveals he failed to call automated drug testing recording as directed.

| **(Standard Condition)** Not associate with any persons engaged in criminal activity, and not associate with any person convicted of a felony unless granted permission to do so by the probation officer. *(nv14)* | 4. On August 4, 2017, Mr. Tovar associated with another convicted felon, Jesus Guillermo Tello, without permission. ✓ |

***Grounds for Revocation:*** As to this allegation, on August 4, 2017, this officer spoke telephonically with San Diego Police Department (SDPD) Officer Hunter. The officer conducted a field contacted at approximately 9:00AM with the offender, who was accompanied by Tello, Jesus Guillermo, in Ashley Falls Park, in the Del Mar Heights, California, area. The officer stated he approached the two as they were sleeping in the park. He stated that they reported they were en route to work and were passing time in the park. Further investigation

revealed Mr. Tello is on active supervised release in the Southern District of California. The offender was never given permission to associate with this individual.

**(Standard Condition)**
Notify the probation officer ten days prior to any change of residence or employment. *(nv11)*

5. On or after June 16, 2017, Mr. Tovar failed to notify the probation officer of his change of employment.

***Grounds for Revocation:*** As this allegation, the offender, by way of background, secured employment in March 2017 at the Westgate Hotel in San Diego, California. On August 11, 2017, the offender, when asked about his employment status at the Westgate Hotel, reported that he last worked for this employer in June 2017. Subsequently, this officer would speak with a human resources representative at the Westgate Hotel, who reported the offender's last day was on June 16, 2017.

**(Standard Condition)**
The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

6. Mr. Tovar failed to report to the U.S. Probation office on July 17, 2017, August 11, 2017, and August 14, 2017.

***Grounds for Revocation:*** In April 2017, I confirmed with the offender that he had an office appointment scheduled for July 17, 2017. I confirmed again in May 2017 that the offender was to report on July 17, 2017. On July 16, 2017, this office sent the offender a text message, reminding him of his office appointment scheduled for the following day. However, the offender failed to report.

On August 4, 2017, the offender, at the time he was contacted by San Diego Police Officers, was instructed to report immediately to the U.S. Probation office. However, the offender stated that he could not make it on account of his work schedule. The offender in turn was instructed to report on Friday, August 11, 2017. The offender responded with a text message, indicating he would appear as directed. However, on August 11, 2017, the offender failed to report as directed.

Later that same day, this officer spoke telephonically with the offender, who reported that he could not report to the office on account of conflict with his work schedule. I informed the offender that I reluctantly would allow him another chance to report. When asked when he could report to the U.S. Probation Office next, the offender stated he would report on Monday, August 14, 2017. This officer instructed the offender to report to the probation office at 3:00PM. The offender agreed. The offender, however, called this officer on August 14, 2017, at approximately 2:30PM, reporting he could not appear for the office appointment, as directed. I informed the offender that it was unacceptable to keep canceling his appointments. I further reinstructed the offender to report to the probation office to discuss his overall supervised release noncompliance. The offender did not report, nor did he attempt to reschedule.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

By way of background, Mr. Tovar commenced supervised release in September 2016. The offender's start on supervised release began inauspiciously in that he tested positive for methamphetamine on two occasions.

Thereafter, the offender was referred to out-patient drug treatment and achieved a period of stability. In March 2017, he secured employment at the Westgate Hotel. However, in subsequent months, the offender would not only fail to report to the probation office as directed, but also failed to report for drug testing and failed to call the automated drug testing line. This spate of noncompliance culminated in the offender being contacted in August 2017 by an SDPD officer in the Del Mar area, at which time it was learned he was, without permission, accompanied by another supervisee. Furthermore, it was learned that the offender failed to report to this officer that he had ceased working at the Westgate Hotel in June 2017.

In light of the above, Mr. Tovar's adjustment to supervised release is deemed decidedly poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

At the time of this writing, Mr. Tovar's whereabouts is unknown. His last know residence was in Tijuana, Baja California, Mexico, where it is believed he continues residing.

Case records indicate Mr. Tovar's criminal history is comprised of the following conviction: 2007, alien smuggling. Additionally, the offender was arrested on five other occasions for alien smuggling.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use illicit drugs, failure to drug test, failure to report, associate with felon, failure to call the automated drug testing recording, and failure to report change of employment) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

In view of Mr. Tovar's failure to report for drug testing, coupled with his failure to follow the directives of the probation officer, a bench warrant is requested at this time to gain his appearance before the Court.

## RECOMMENDATION/JUSTIFICATION

Mr. Tovar's supervised release commenced in September 2016. In a relatively short period, he used methamphetamine on two occasions. Thereafter, the offender sustained a spate of noncompliance, beginning in May 2017, characterized by his failure to call the automated drug testing number nightly, as directed. The offender would also fail to appear for drug testing as well as his scheduled office appointments. In August 2017, he was contacted by SDPD officers while accompanied by another supervisee; however, the offender never had permission to associate with this individual.

The offender has breached the trust of the Court by committing the noncompliance conduct alleged herein. The offender has made himself unavailable for supervision. As such, it is believed a custodial sanction is appropriate to hold the offender accountable for his actions. Should the Court find Mr. Tovar in violation of his conditions of supervised release, it is recommended his term be revoked with an imposition of a custodial sanction of five months.

·PROB12(C)

Name of Offender: Edgar Gabriel Tovar-Zamora
Docket No.: 08CR03627-001-W

August 21, 2017
Page 6

---

Additionally, it is recommended this custodial sanction be followed by 55 months' supervised release, with the same conditions previously ordered.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** August 21, 2017

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Marc W. Ryan
U.S. Probation Officer
619-409-5114

Reviewed and approved:

_____
Jennifer K. Walker
Supervising U.S. Probation Officer

PROB12CW                                                                                             August 21, 2017

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Tovar-Zamora, Edgar Gabriel

2. **Docket No. (Year-Sequence-Defendant No.):** 08CR03627-001-W

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
| --- | --- |
| Failure to drug test | C |
| Failure to report | C |
| Associate with felon | C |
| Failure to report change of employment | C |
| Use Illicit drugs | C |
| Failure to call the automated drug testing recording | C |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                           [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                       [ 5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
| --- | --- | --- | --- |
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

*PROB12(C)

Name of Offender: Edgar Gabriel Tovar-Zamora  
Docket No.: 08CR03627-001-W

August 21, 2017  
Page 8

## THE COURT ORDERS:

**[X]** AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

____ Other _____

_____

The Honorable Thomas J. Whelan  
Senior U.S. District Judge

Date 8/24/17

rc